UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 25 2005 ★
BROOKLYN OFFICE

----------------------------------------------x

**05 5563**

SHAH ZAIB KHAN, ARSHE KHAN, UMAIR KHAN, AMMARA KHAN, USMAN KHAN,

Petitioner/Plaintiff

-against-

GONZALES, ALBERTO, Attorney General of the United States,

ALPHANSO AGUIRRE, Commissioner, U.S. Citizenship and Immigration Service,

EDWARD McELROY, New York Field Office Director Bureau of Immigration and Customs Enforcement

U.S. Citizenship and Immigration Service

United States Department of Justice

----------------------------------------------x

**VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE RELIEF AND STAY OF DEPORTATION**

As counsel has acknowledged understanding, this court has no jurisdiction to grant the relief sought by this petition. See 8 U.S.C. § 1252(a)(5)(2005). The petition is, therefore, dismissed for lack of subject matter jurisdiction. So ordered.
[signature] USDJ
11/30/05
cc: Ransford McKenzie, Esq.

ROSS, J.

GO, M.J.

1. This is an action for declaratory and injunctive relief to protect Petitioner/Plaintiffs rights under the Due Process Clause of the Fifth Amendment to the United States Constitution and under applicable Federal Law, and for a writ of habeas corpus to obtain review of Petitioner/Plaintiffs' application to withhold/defer removal pursuant to Article 3, The Convention against Torture ("CAT"), Section 208.16, Immigration and Nationality Act ("I.N.A.") and to enjoin Petitioner/Plaintiffs'

Dockets.Justia.com

deportation from the United States and to remain free from detention pending review by this Court.

2. Petitioner/Plaintiffs are not in immigration proceedings presently and are not detained. However, there is a final order of deportation against all the Petitioner/Plaintiffs. Therefore, they are subject to seizure and removal at anytime by Immigration and Customs Enforcement ("The Agency"). In fact, they were all scheduled to report to the agency on May 25, 2005, for deportation Exhibit D.

**JURISDICTION**

3. This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. Section 1101 et seq., and the Administrative Procedure Act (the "A.P.A."), 5 U.S.C. Section 701 et seq., and Section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Section 1105(a). This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. Section 2241 et seq., Art 1, Section 9, Cl. 2 of the United States Constitution (the Suspension Clause") and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. Section 1331 and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 2201 et seq., and the All Writs Act, 28 U.S.C. Section 1651.

**VENUE**

3. Venue lies within the Second Circuit Court of Appeals, the judicial district where the Petitioner/Plaintiffs are domiciled. 28 U.S.C. Section 2241 et seq. and Section 4 (e) of the Federal Rules of Civil Procedure and Section 302 (a) of the New York Civil Practice Law and Rules. See Yesil v. Reno, 96 Civ. 8409 (DC) (S.D.N.Y, February 27,

1997); Eltayeb v. Ingham, 96 Civ. 1193 (LBS), 1997 WL 5906 (S.D.N.Y. January 7, 1997).

**PARTIES**

5. Petitioner/Plaintiffs are, respectively, natives and citizens of Pakistan. They entered the United States on August 2, 1999, at Buffalo, New York and sought asylum. The family is comprised of Zahid Khan, husband, 42 years old; Shahzaib Khan, wife, 37 years old, Arshi Khan, child, 17 years old; Umair Khan, child, 16 years old; Usman Khan, child, 15 years old; and Ammara Khan, child, 8 years old. They reside in the Eastern District of New York at 141-70 85th Road, Jamaica, Queens, New York.

6. Respondent/Defendant Alberto Gonzales is sued in his official capacity as Attorney General of the United States. As such he is responsible for the enforcement of the immigration laws. As Attorney General he routinely conducts business in New York.

7. Respondent/Defendant Alphanso Aguirre is sued in his official capacity as Commissioner of the United States Citizenship and Immigration Service (the "U.S.C.I.S." or "Service"). As such he has the responsibility for the administration of the immigration laws pursuant to 8 U.S.C. Section 1103 and would be the legal custodian of the Petitioner/Plaintiffs if they are taken into custody. Petitioner/Plaintiffs are not currently detained.

8. Respondent/Defendant Edward McElroy is sued in his official capacity. He is the New York Field Office Director of the Service. As such, he is the Attorney General's designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers and duties of the Service. As earlier noted, Petitioner/Plaintiffs reside in the Eastern District of New York, a part of the New York

City District.

      9.      Respondents/Defendants United States Citizenship and Immigration

Service and the Department of Justice are made party defendants.  The Department of

Justice and the Service are the agencies responsible for enforcing the I.N.A. and

effectuating the removal of the Petitioner/Plaintiffs.  Furthermore, if the

Petitioner/Plaintiffs are detained they would be in the custody of the Bureau of

Immigration and Customs Enforcement ("B.I.C.E.").

## FACTS

      10.     The Petitioner/Plaintiffs entered the United States at Buffalo, New York

on August 2, 1999.

      11.     On June 18, 2001, at an immigration hearing all the Petitioner/Plaintiffs

were denied asylum.  However, Zahid Khan the husband of the lead petitioner was

granted withholding and deferral of removal pursuant to the Convention Against Torture

("C.A.T.").  The Immigration Judge ("the IJ") denied the other applications for CAT on

the ground that they had not made an application.  Exhibit A.

      12.     On the contrary, the record indicates that oral applications were made on

behalf of all the Petitioner/Plaintiffs in response to the question from the IJ.  Exhibit B,

(relevant section underlined for emphasis).

      13.     Petitioner/Plaintiffs timely appealed to the Board of Immigration Appeals

("The BIA").  The BIA dismissed the appeal on April 25, 2003, without stating any

reasons except to say, "The Board affirms, without opinion, the results of the decision

below".  Exhibit C.

14. A subsequent motion by Petitioner/Plaintiffs for the BIA to reconsider its decision was dismissed on the ground that it was not filed timely.

15. The lead Petitioner/Plaintiff is not currently employed. She stays at home to care for the children while her husband works at a service station. The children attend school with the older ones now seeking admission to college.

16. The Petitioner/Plaintiffs have not left the United States since entry on August 2, 1999. They have all been law-abiding residents for the duration of their stay in the United States.

17. At the time of the IJ's decision to deny withholding/deferral of removal to the rest of the family pursuant to C.A.T., agency regulations permitted oral applications to be made therefor.

18. Therefore, the refusal of the IJ to honor the oral applications of all the applicants for withholding/deferral pursuant to C.A.T., except the spouse of the lead Petitioner/Plaintiff, something solicited by her, is arbitrary, an abuse of discretion and in violation of the Due Process Clause of Fifth Amendment of the U.S. Constitution, and the Administrative Procedure Act. The BIA's affirmation of that decision is similarly flawed.

## THE RIGHT TO JUDICIAL INTERVENTION

19. The basis for this Court's habeas jurisdiction to review the Petitioner/Plaintiffs petition is 28 U.S.C. Section 2241, the general grant of habeas jurisdiction bestowed on the Federal Courts and the REAL ID Act of May 11, 2005.

20. In this action, the Petitioner/Plaintiffs affirm that the denial of the

24.    Moreover, the U.S. Supreme Court has recognized that deportation affects important liberty interests.  Accordingly, the Court has held that aliens, like these Petitioner/Plaintiffs, must be granted due process.  Delgadillo v. Carmichael, 332 U.S. 338 (1978).

25.    Where protected liberty interests are in issue, the Supreme Court has set out a three (3) part balancing test to determine whether the process in which these interests arise are constitutionally adequate.  Hence, under Matthews v. Eldridge, 424 U.S. 319 (1976), a Court is required to balance the following three (3) factors:    (1) the private interest at stake,  (2)  the risk of erroneous decision, and (3)  the burden to the government of any additional proceedings.

26.    It must be emphasized that Petitioner/Plaintiffs comprise one family in which each member applied for asylum and then by response of their counsel upon inquiry by the IJ made oral application for withholding of deportation pursuant to C.A.T. Exhibit B (pg. 16, lines 16-21).  Such oral applications were permissible pursuant to agency practices.  The refusal of the BIA to reverse the IJ's decision in these circumstances is a clear example of the BIA's arbitrary manner.  Moret v. Karn, 746 F. 2d 989, (3rd Cir. 1988).  The Federal Courts have the responsibility to decide whether the BIA is correctly construing the I.N.A. and whether the provisions of I.N.A. are constitutional.  The Federal Courts cannot fulfill these responsibilities if aliens are being subject to deportation at the whim and fancy of the B.I.A. and the agency "before Courts can hear aliens' non-frivolous legal challenges".  Blancada v. Turnage; 883 F. 2d 836, 838 (9th Cir. 1989).

27.    It is respectfully urged that the court grant a hearing on

Petitioner/Plaintiffs writ to examine the claimed violations of due process. Failure to do so would raise a "significant due process concern". Guiteirez v. Rogue, 954 F. 2d at 773. Moreover, it is urged that Petitioner/Plaintiffs are entitled to constitutional due process right to be free from being seized by the agency for deportation in a situation which amounts to punishment. Haitian Centers Council Inc. v. Salz 823 F. supp. 1028 (E.D.N.Y. 1993).

**COUNT TWO**

**(Impermissible and Arbitrary Decision Making**

28. The allegations contained in paragraphs 1 through 27 above are repeated and realleged as though fully set forth herein.

29. It is urged that when determining whether the BIA's action was arbitrary, irrational, or not in accordance with the law, the court should "engage in a substantial inquiry......... A thorough probing, in-depth review of the discretionary agency action". Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402; 91 S. Ct. 814. Indeed, nowhere in its bare bones decision did the BIA give any indication that it had addressed the Petitioner/Plaintiffs claims for relief in a meaningful way. Furthermore, in its severely abbreviated denial of the appeal, the BIA's decision does not "reflect full consideration of the evidence". Ramos v. Ins, 695 F. 2d181 (5th Cir. 1983). Although the BIA is not required to write extensively on every issue, it is required to do more than just embrace the IJ's decision in making a decision. Diaz-Resendez v. INS, 960 F. 2d 493 (5th Cir. 1992). In short, the BIA's rationale for dismissal of the appeal is woefully deficient in providing supporting argument for the dismissal.

30. It is respectfully urged that a stay of deportation be granted pending a hearing on Petitioner/Plaintiffs' writ in order for the court to examine the claimed violations of due process. The failure of the BIA to do so raises a "significant due process concern". Guiteirez v. Rogue, 954 F. 2d at 773. This court is being asked to repair that breach.

**IRREPARABLE HARM**

31. If the Petitioner/Plaintiffs continue to be denied their permitted oral applications for C.A.T. they would suffer irreparable harm. The denial under the circumstances directly affects the whole family. The spouse of the lead Petitioner/Plaintiff is left in the intolerable situation of being allowed to remain in the United States pursuant to withholding under C.A.T. while his family, including a child of tender years, are to be deported from the United States to a country where he faces torture. This is the bizarre anti-family result of the failure of the BIA to reverse the flawed decision of the IJ.

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner/Plaintiffs Pray that this Honorable Court grant the following relief:

I. Issue an Order declaring that the conduct of Respondents/Defendants violates the Due Process Clause and is unconstitutional as applied to the Petitioner/Plaintiffs;

II. Issue an Order declaring that Defendants' are barred from relying on

Section 241 (b)(3) to deprive the Petitioner/Plaintiffs of withholding/deferral of removal

of deportation pursuant to C.A/T.;

      III.     Issue a Writ of Habeas Corpus directing the Defendants to hold a hearing

on the merits of the Petitioner/Plaintiffs applications for relief under the Convention

Against Torture;

      IV.     Issue an Order remanding these matters to the BIA;

      V.     Award attorney's fees and costs to the Petitioner/Plaintiffs;

      VI.     Issue an Order staying the deportation of Petitioner/Plaintiffs;

      VII.     Issue an Order allowing the Petitioner/Plaintiffs to remain free without

detention pending the Court's review of this action

      VIII.    Grant any other and further relief that this Honorable Court may deem fit

and proper.


**DATED:**     **BROOKLYN, NEW YORK**
               **SEPTEMBER 28, 2005**



                                 **By their Attorney**



                                **RANSFORD B. McKENZIE, ESQ.**

# EXHIBIT A

reports specifically state that those who are detained by the government of Pakistan suffer from torture and that this is prevalent through Pakistan. Accordingly, this Court believes that were the respondent to be returned to Pakistan because this respondent would surely face arrest, this Court believes that the respondent has proven that it is more likely than not that he would be tortured were he to removed to Pakistan. As the lead respondent is not subject to mandatory denial under 8 C.F.R. Section 208.16(d)(2) or (d)(3), his application for withholding of removal under the Torture Convention will be granted.

There is no possibility of extending derivative status to the respondent's spouse and children. 8 C.F.R. Section 208.20 extends derivative status to a spouse and children of an assignee or a refugee. This is not a possibility for those granted withholding of removal.

Accordingly, after careful review of the record in the case of the lead respondent, the following will be the order of this Court.

ORDER

IT IS HEREBY ORDERED that the respondent's application for political asylum pursuant to Section 208 of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal pursuant to Section 241(b)(3) of the Immigration and Nationality Act be denied.

IT IS HEREBY ORDERED that the respondent's application

for withholding of removal under the Torture Convention pursuant
to 8 C.F.R. Section 208.16 be granted.

Now turning your attention to the case of respondent
Shase Sereb Kahn, file number A 78 210 427,

IT IS HEREBY ORDERED that the respondent's application
for asylum pursuant to Section 208 of the Immigration and
Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application
for withholding of removal pursuant to Section 241(b)(3) of the
Immigration and Nationality Act be denied.

And I note that the respondent does not have an
independent CAT application or claim, hence there is no CAT
relief sought by this respondent.

IT IS HEREBY ORDERED that the respondent be removed
from the United States to Pakistan.

Turning our attention to the case of Marshe Kahn, file
number A 78 210 428,

IT IS HEREBY ORDERED that the respondent's application
for asylum pursuant to Section 208 of the Immigration and
Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application
for withholding of removal pursuant to Section 241(b)(3) of the
Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that there being no CAT
application before this Court that the respondent be removed from
the United States to Pakistan pursuant to charges in the notice

to appear.

Turning our attention to file number A 78 210 429, in the case of Kumar Khan,

IT IS HEREBY ORDERED that the respondent's application for asylum pursuant to Section 208 of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal pursuant to Section 241(b)(3) of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that since no application for CAT relief has been filed in this case, that the respondent be ordered removed from the United States to Pakistan pursuant to charges in the notice to appear.

Turning our attention to file number A 78 210 430, the case of Mara Khan, the respondent's application for political asylum pursuant to Section 208 of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application for withholding for removal pursuant to Section 241(b)(3) of the Act be denied.

IT IS FURTHER ORDERED that there being no Convention Against Torture application filed on the respondent's behalf, that the respondent be ordered removed from the United States to Pakistan pursuant to the charges in the notice to appear.

Turning our attention to file number A 78 210 431, the case of Osman Khan,

IT IS HEREBY ORDERED that the respondent's application for asylum pursuant to Section 208 of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal pursuant to Section 241(b)(3) of the Immigration and Nationality Act be denied.

IT IS FURTHER ORDERED that since the respondent does not have an independent CAT claim filed with this Court that the respondent be ordered removed from the United States to Pakistan pursuant to charges in the notice to appear.


BRIGITTE LAFOREST
Immigration Judge

# EXHIBIT B

DRW

A. Yes.

Q. And you deny removability as charged?

A. That's correct.

Q. Notice to appear will be marked as Exhibit 1C. 1B be in 428. Calling your attention to 431, the notice to appear dated March 2, 2000.

A. Yes.

Q. You concede that your client was properly served?

A. Yes.

Q. Do you admit allegations one, two and three?

A. Yes.

Q. You deny four?

A. Yes.

Q. And you deny removability as charged?

A. Yes.

Q. Notice to appear will be marked as Exhibit 1D. In all these cases you decline to designate a country for removal, the Service will designate Pakistan and the forms of relief are asylum, withholding under 241(b)(3) (indiscernible) Convention Against Torture, is that correct?

A. That's correct, Your Honor.

MR. DAVEY TO JUDGE

Q. And the Service (indiscernible)? Thank you.

JUDGE TO MR. MCKENZIE

Q. How many hours will you need for this hearing?

# EXHIBIT C



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

McKenzie, Ransford B., Esq.
26 Court Street
Suite 1604
Brooklyn, NY 11242-0000

Office of the District Counsel/NY
26 Federal Plaza, Room 1130
New York, NY 10278

Name: KHAN, ZAHID
Riders: 78-210-427 78-210-428 78-210-429

A78-210-426
78-210-430 78-210-431

Date of this notice: 04/25/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
VILLAGELIU, GUS

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A78-210-426 - NEW YORK

Date: APR 25 2003

In re: KHAN, ZAHID

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: A78-210-427 - NEW YORK

Date: APR 25 2003

In re: KHAN, SHAH ZAIB

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A78-210-428 - NEW YORK

Date:

In re: KHAN, ARSHI

IN REMOVAL PROCEEDINGS

APR 25 2003

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A78-210-429 - NEW YORK

Date: APR 25 2003

In re: KHAN, UMAIR

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

**Decision of the Board of Immigration Appeals**

File: A78-210-430 - NEW YORK

Date:

In re: KHAN, AMMARA

APR 25 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

[signature]
FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A78-210-431 - NEW YORK

Date: APR 25 2003

In re: KHAN, USMAN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: McKenzie, Ransford B., Esq.

ON BEHALF OF SERVICE: Michael Lonoff

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

[signature]
FOR THE BOARD



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

KHAN, UMAIR
86 41 143RD STREET, APT. #3
JAMAICA, NY 11435-0000

Office of the District Counsel/NY
26 Federal Plaza, Room 1130
New York, NY 10278

**Name: KHAN, UMAIR** **A78-210-429**

**Date of this notice: 11/07/2003**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
PAULEY, ROGER

INGRAMJ

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Falls Church, Virginia 22041**

**Decision of the Board of Immigration Appeals**

File: A78-210-429 - NEW YORK

Date: NOV 07 2003

In re: KHAN, UMAIR

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: Michael Lonoff, Assistant District Counsel

ORDER:

PER CURIAM. The motion to reconsider has been filed out of time and will be denied. The Board's last order in these proceedings was entered on April 25, 2003. A motion to reconsider a decision of the Board must be filed within 30 days after the date of that decision. *See* 8 C.F.R. § 1003.2(b)(2). In the instant case, a motion to reconsider would have been due on or before May 27, 2003. The record reflects, however, that the Board did not receive the motion until June 30, 2003. The motion to reconsider was therefore filed out of time. Accordingly, the motion to reconsider is denied.

FOR THE BOARD

# EXHIBIT D



Department of Homeland Security
Immigration and Customs Enforcement
26 Federal Plaza
New York, NY 10278

141-70 85 Tl Rd
Briarwood, NY Apt 6C
11435-2592

KHAN, ZAHID
86-41 143rd. Street
Jamaica, New York 11435
(718) 725-1307

FILE NUMBER: A 78 210 426/ A 78 210 427/ A 78 210 428/ A 78 210 429/ A 78 210 430/ A 78 210 431 DB/N08

DATE: March 22, 2005

**Please present this notice at the worth Street Entrance of 26 Federal Plaza for faster entry into the building**

DEAR SIR/MADAM:

IN CONNECTION WITH AN OFFICIAL MATTER, PLEASE COME TO THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICE AT:

| OFFICE LOCATION | 26 Federal Plaza<br>New York, NY 10278 | ROOM NO.<br>9-110 | FLOOR NO.<br>9th |
|---|---|---|---|
| DATE & TIME OF APPOINTMENT | ~~April 25 2005~~ AT 10:00 AM<br>RETURN W/FAMILY 5/25/05 10:00AM | | |
| ASK FOR | Deportation Officer **FIGUEROA** | | |
| REASON FOR APPOINTMENT | Interview | | |
| BRING WITH YOU | Valid Passport or and any other immigration documents | | |

**FAILURE TO KEEP THIS APPOINTMENT MAY RESULT IN YOUR BEING TAKEN INTO CUSTODY, AND A BREACH OF YOUR BOND IF ONE IS OUTSTANDING.**

REPORTED W/O FAMILY

~~FORWARDED TO CLERICAL~~

Very truly yours,

Christopher Shanahan
Deputy Field Office Director
Detention & Removals

Form G-56